UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TERESA MURPHY,

                Plaintiff,

        -against-

OFFICER MEZZELLA, et al.,

                Defendants.

1:25-CV-1950 (LTS)

ORDER DIRECTING PAYMENT OF FEE OR IFP APPLICATION

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Teresa Murphy proceeds *pro se*. To proceed with a civil action in this court, a plaintiff must either pay $405.00 in fees – a $350.00 filing fee plus a $55.00 administrative fee – or, to request authorization to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees, submit a completed and signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

    Plaintiff submitted her complaint without the fees to bring this action or a completed and signed IFP application.[1] Within 30 days of the date of this order, Plaintiff must either pay the $405.00 in fees or complete, sign, and submit the attached IFP application. If Plaintiff submits the IFP application, it should be labeled with docket number 1:25-CV-1950 (LTS). If the Court grants the IFP application, Plaintiff will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

---

[1] In lieu of an IFP application, Plaintiff filed a submission in which she asserts that court filing fees are unconstitutional, and she requests that the fees to bring this action be waived. (ECF 4.) Plaintiff's assertion is incorrect. The imposition of filing fees has been upheld by the United States Supreme Court. *See, e.g.*, *Ortwein v. Schwab*, 410 U.S. 656 (1973). Her request to waive the fees without an IFP application is therefore denied.

No summons shall issue at this time. If Plaintiff complies with this order, this action shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the Court will dismiss this action.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   March 13, 2025
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                          Chief United States District Judge