UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

TERESA MURPHY aka TERESA LEO,

Plaintiff,

v.

ROCKLAND COUNTY, WARWICK POLICE DEPARTMENT, OFFICER MAZELLA, JUDGE BROWN,

ORANGE COUNTY PROBATION, PO SKLYER KEMP, CPS AGENTS TAMMIE JOHNSON,

CAROL C. PIERCE, ANDREW R. KASS, OSPRA, and JOHN DOES 1-10,

Defendants.

VERIFIED COMPLAINT UNDER 42 U.S.C. § 1983

(Including Criminal Violations Under Federal Law)

Plaintiff Teresa Murphy aka Teresa Leo files this Verified Complaint based on the following:

FACTUAL SUMMARY:

1. On January 13, 2025, Plaintiff was forcibly and unlawfully arrested at her home without a warrant, without probable cause, and without a sworn affidavit by any injured party. She was dragged from her bedroom, half-dressed, while suffering a PTSD episode and migraine, in front of her three children.

2. While on the phone with civil rights advocate Charles Starke Jr., officers entered without consent.

3. She was transported to a hospital where she was forcibly sedated, assaulted, and mocked by security.

4. Her phone was destroyed. She had no shoes, ID, jacket, or access to her children, who were

unlawfully removed.

5. Two months later, on March 22, 2025, six criminal charges were fabricated and issued by appearance ticket

(Assault 2nd, Resisting Arrest, Harassment, Obstruction, Endangering a Child) with no new incident or cause.

6. The State Education Department issued a 'Notice of Subsequent Arrest' jeopardizing her certifications,

 fingerprint clearance, and career - despite no conviction and no trial.

7. Plaintiff has three active federal cases (25-CV-239, 25-CV-310, 125-CV-01950) and this retaliation is direct.


FEDERAL CLAIMS:

- 42 U.S.C. § 1983 - Retaliation for Protected Federal Activity

- 42 U.S.C. § 1985 - Conspiracy to Violate Civil Rights

- 14th Amendment - Violation of Liberty, Family Integrity, Employment, and Procedural Due Process

- 4th Amendment - Unlawful Search, Seizure, Arrest, and Home Invasion

- 1st Amendment - Retaliation for Free Speech and Federal Filings

- Monell v. NYC - Municipal Liability


FEDERAL CRIMES COMMITTED BY DEFENDANTS:

- 18 U.S.C. § 241 - Conspiracy Against Rights

- 18 U.S.C. § 242 - Deprivation of Rights Under Color of Law

- 18 U.S.C. § 1512(b) - Witness Intimidation

- 18 U.S.C. § 1513(e) - Retaliation for Federal Participation

- 18 U.S.C. § 912 - Impersonating a Public Official

- 18 U.S.C. § 1341 & § 1343 - Mail and Wire Fraud (CPS & OSPRA)

- 18 U.S.C. § 1201 - Unlawful Kidnapping (Children Removed with No Court Order)

PRAYER FOR RELIEF:

- Immediate Injunction to Halt Prosecution and Remove All Holds on Fingerprint Record

- Reunification with All Children

- Compensatory Damages in Excess of $10 Million

- Punitive Damages Against Each Named Defendant

- Criminal Referral to U.S. Department of Justice and FBI

Respectfully submitted,

Teresa Murphy aka Teresa Leo

Sui Juris, without representation

[Signature to follow upon filing]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VERIFIED COMPLAINT – SUPPLEMENTAL SECTION XXIV
Detailed Legal Expansion on State Retaliation and Federal Obstruction

Filed: April 20, 2025

SECTION XXIV – ESCALATING STATE RETALIATION, FEDERAL OBSTRUCTION, AND POLICE TERRORISM: JANUARY–MARCH 2025

96. On February 19, 2025, three Warwick Police officers entered Plaintiff's private residence without a warrant, court order, or exigent circumstances, violating the Fourth Amendment. One officer was identified as Shield No. 43. They falsely claimed "the door was open," which was contradicted by video evidence in Plaintiff's possession. Upon being confronted, the officers fled.

Legal Precedent:
- Payton v. New York, 445 U.S. 573 (1980): Warrantless entry into a home is per se unreasonable unless exigent circumstances exist.
- Brigham City v. Stuart, 547 U.S. 398 (2006): Law enforcement must show immediate threat to justify warrantless entry, which was absent here.

97. Following her January 10, 2025 federal removal (25-CV-239), Plaintiff was subjected to over 20 attempts of unlawful service by the Orange County Sheriff's Office and Warwick Police, despite federal preemption under 28 U.S.C. § 1446(d). These efforts included late-night visits and harassment, escalating her PTSD symptoms and anxiety.

Legal Precedent:
- Ackerman v. Maloney, 2008 WL 413337 (N.D.N.Y. 2008): Continuing state action after notice of federal removal violates § 1446(d).
- 28 U.S.C. § 1446(d): All state proceedings are stayed immediately upon notice of removal to federal court.

98. In early March 2025, Rockland County Sheriff's deputies unlawfully entered Plaintiff's workplace, a public elementary school, attempting to serve family court papers unrelated to federal claims. Plaintiff's principal refused their demand that she be removed from her special education classroom, citing legal impropriety and workplace safety.

Legal Precedent:
- Garcetti v. Ceballos, 547 U.S. 410 (2006): Retaliation in the workplace for engaging in protected legal activity is actionable under the First Amendment.

- Pickering v. Board of Education, 391 U.S. 563 (1968): Teachers are protected from retaliation for engaging in matters of public concern.

99. On March 23, 2025, Plaintiff was taken into custody by force in direct retaliation for her protected filings. She was shackled overnight to a metal chair in a basement office, exposed to surveillance and harsh lighting, amounting to psychological torture and constitutional abuse.

Legal Precedent:
- Hope v. Pelzer, 536 U.S. 730 (2002): Inhumane restraint and exposure without medical need constitutes cruel and unusual punishment.
- Bell v. Wolfish, 441 U.S. 520 (1979): Pretrial detainees cannot be subjected to conditions amounting to punishment.

100. Plaintiff's civil rights advocate, Charles Bernard Starke, was arrested inside Rockland County Family Court while attempting to lawfully serve federal court documents. He remains detained under fabricated charges directly tied to his role as a legal representative and whistleblower.

Legal Precedent:
- NAACP v. Button, 371 U.S. 415 (1963): Legal advocacy and assisting others in asserting legal rights is protected under the First Amendment.
- Elrod v. Burns, 427 U.S. 347 (1976): Government retaliation against advocacy constitutes irreparable harm to constitutional rights.

RELIEF REQUESTED – SUPPLEMENTAL

- Full federal protective injunction against Warwick, Rockland, and Orange County law enforcement.
- Immediate expungement of March 23, 2025, arrest and release of Mr. Starke from unlawful confinement.
- Emergency order halting all further state attempts at harassment, contact, or litigation.
- Damages for torture, loss of liberty, psychological injury, ADA discrimination, and § 1983 violations.
- Formal referral to U.S. DOJ, HHS OCR, and SDNY U.S. Attorney for investigation and prosecution under 18 U.S.C. §§ 241, 242, and 1512.

Respectfully submitted,
/s/ Teresa Murphy
Teresa Murphy, Sui Juris
32 Robert Drive
Warwick, NY 10990
teresastarke88@gmail.com

# NEW YORK STATE COURTS
## Warwick Village Court
PO Box 369, 77 Main Street, Warwick, NY 10990
Phone: (845) 986-7044

The People of the State of New York

vs

Teresa Leo (12/2/1980)

32 Robert Dr
Warwick, NY 10990

**Notice to Appear**

Docket No(s). 25030031

The Court has scheduled your case for the date and time below. If you have questions contact the court.

| Court Name: | Warwick Village Court |
|---|---|
| Date/Time: | Wednesday, April 16, 2025 at 6:00 PM |
| Before Judge: | Hon. Jeanine Garritano Wadeson |
| For the purpose of: | ARRAIGN |

Please be further advised that you have provided the court with the following contact information, and you have indicated the following preference for notification of your next court date:

| Mailing Address: 32 Robert Dr, Warwick, NY 10990 | | |
|---|---|---|
| Voice Phone: | Text Phone: | Email: |

Requested method of notification: ☐ Text ☐ Email ☐ Voice ■ Mail ☐ None

If the judge imposed conditions for your release, such as participation in a supervised release program or electronic monitoring, you must follow each of those conditions which are listed on a separate order. Failure to do so may result in revocation of your release.

Your failure to appear may result in a warrant for your arrest. Any bail posted may be forfeited. A civil judgment may be entered against you for any unpaid fines, fees or surcharges imposed. You may also be subject to additional penalties under the New York State Penal Law witho further notice.

If you deliberately do not appear before the court, you will lose the right to:

- Be present at and participate in every stage of your case
- Hear what everyone is saying in court about your case, including arguments, requests and motions by your attorney
- Be present at any pre-trial hearings or trial
- Help your attorney when witnesses testify and confront witnesses against you
- Be present and make a statement before sentence, if you are convicted after trial

Dated: Friday, April 4, 2025

_____
Justice of the Court

# EXHIBIT B

**CORPORATE ENTITY IDENTIFIERS AND FEDERAL STATUTORY VIOLATIONS**

This exhibit is submitted in support of New York State establishment in the commercial nature of each named entity, the use of financial and administrative codes in place of lawful judicial authority, and specific violations of constitutional and federal law.

| Entity | EIN | DUNS | Applicable Laws Violated |
|---|---|---|---|
| Rockland County Government | 13-6002341 | 073983016 | 18 U.S.C. §§ 241, 242, 912; 1341, 1346; 42 U.S.C. §§ 1983, 1985; 15 U.S.C. §§ 1601, 1692, 1693; FRA § 29.5 |
| Rockland County District Attorney | 13-6002341 | 073983119 | 18 U.S.C. §§ 241, 242, 1341; 42 U.S.C. § 1983; FRCP 17(a), CPL 100.15; TILA; UDHR Article 2 |
| Rockland County Jail | 13-6002341 | 038758358 | 18 U.S.C. §§ 242, 1341, 1346, 912; EFTA § 1693; TILA; FDCPA; 5 U.S.C. § 8477 |
| Rockland County Sheriff's Office | 13-6002341 | 086375303 | 18 U.S.C. §§ 241, 242, 912; FRA § 29.5; Impersonation and color of law violations |
| Rockland County Family Court | 13-6002341 | 073983025 | 18 U.S.C. §§ 1346, 241, 242; Due Process and Equal Protection Clause violations |
| Rockland County Child Protective Services | 13-6002341 | 073983026 | 18 U.S.C. §§ 241, 242, 1341; 42 U.S.C. §§ 1983, 1985; UDHR Article 2; Conspiracy to traffic children |
| Town of Clarkstown | 13-6002340 | 073983125 | 18 U.S.C. § 912; Operating as a municipal corporation without lawful authority |

| Orange County Government (NY) | 14-6002504 | 010272618 | 18 U.S.C. §§ 241, 242, 912; Title 15 § 1693; FRA § 29.5; Unauthorized financial control |
| Orange County Sheriff's Office | 14-6002504 | 012110632 | 18 U.S.C. §§ 241, 242; 1346; Unlawful custody and monetization of humans |
| Orange County Jail | 14-6002504 | 018473789 | 18 U.S.C. §§ 1341, 1346, 242; TILA; EFTA; Simulation of legal process |
| Orange County Family Court | 14-6002504 | 018473799 | 18 U.S.C. §§ 241, 242; 912; Simulation of judicial authority without Article III court |
| Orange County Child Protective Services | 14-6002504 | 018473800 | 18 U.S.C. § 241; TILA and FDCPA violations; Trafficking and custody exploitation |
| New York Unified Court System | 13-3777365 | 006944595 | 18 U.S.C. §§ 241, 242; FRCP 60(b)(4); Constitutionally void judgments |
| State of New York | 13-6002340 | 002372915 | 18 U.S.C. §§ 912, 1341; Corporate simulation of governance; No real party in interest |
| Warwick Police Department | 13-6002340 | 013586400 | 18 U.S.C. §§ 241, 242; Color of law; False arrest; Civil rights retaliation |
| Securus Technologies, Inc. | 75-2543087 | 114007093 | 18 U.S.C. §§ 1341, 1346; TILA; EFTA; RICO; False billing; Denial of contact with family |
| Warwick Valley Central School District | 14-6002504 | 056768935 | 18 U.S.C. §§ 241, 242; TILA; EFTA; Unlawful coordination with CPS and court abuse |

| Village of Warwick | 14-6002504 | 072437685 | 18 U.S.C. §§ 241, 242; Unauthorized governance; Color of law operations |
| --- | --- | --- | --- |
| Orange County Probation Department | 14-6002504 | 066747960 | 18 U.S.C. §§ 241, 242; 1346; Probation without due process; EFTA violations |
| Orange County DMV | 14-6002504 | 026139832 | 15 U.S.C. §§ 1601, 1692; FRA § 29.5; Financial fraud via driver licensing schemes |
| Warwick Town Court | 14-6002504 | 072437698 | 18 U.S.C. §§ 241, 242; 912; Simulation of legal process; Void judgments |
| Orange County Corrections Department | 14-6002504 | 018473790 | 18 U.S.C. §§ 241, 242, 1346; Forced labor under commercial detention; EFTA violations |
| Rockland County Corrections Department | 13-6002341 | 038758360 | 18 U.S.C. §§ 241, 242, 1346; Retaliatory imprisonment; Unlawful monetization of detainees |
| Children's Rights Society, Inc. | 13-3859651 | 055343842 | 18 U.S.C. §§ 241, 242; 42 U.S.C. §§ 1983, 1985; Kidnapping and custodial interference under color of law |
| RYE Supervised Visitation Center | 13-3777365 | 013754289 | 18 U.S.C. §§ 241, 1346; Fraudulent billing and denial of parental rights under civil conspiracy |