UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TERESA MURPHY,

                    Plaintiff,

          v.

OFFICER MEZZELLA, individually and in
official capacity, et al.,

                    Defendants.

7:25-CV-1950 (KMK)

ORDER OF SERVICE

KENNETH M. KARAS, United States District Judge:

Plaintiff Teresa Murphy, who is currently incarcerated in the Albion Correctional Facility, brings this *pro se* Action asserting claims under 42 U.S.C. §§ 1983, 1985, and 1986, as well as under state law.[1]  By order dated September 18, 2025, Judge Stanton dismissed Plaintiff's claims, but granted Plaintiff leave to amend some of them in an amended complaint, to be filed within 60 days of the date of that order.  (Dkt. No. 17.)  On December 10, 2025, the Court received from Plaintiff, while she was incarcerated, a motion styled as brought under Rule 60(b)(6) of the Federal Rules of Civil Procedure ("Rule 60(b)(6) motion"), requesting a temporary restraining order.  (Dkt. No. 20.)  That motion is pending.

On March 5, 2026, the court received Plaintiff's second amended complaint (Dkt. No. 23), which is the operative pleading for this Action, and in which she seeks damages, declaratory

---

[1] Plaintiff commenced this Action while she was at liberty; she filed a consent to electronic service of court documents with her original complaint while she was at liberty.  (Dkt. No. 3.)  She has not withdrawn that consent since her incarceration.

relief, and injunctive relief.[2]  Plaintiff names the following as defendants in that pleading[3]: (1) Warwick Police Officer Mezzella (or "Mazzella"), in his individual and official capacity; (2) "Judge Brown," who appears to be Judge Craig Stephen Brown of the County Court, Orange County, who is also an Acting Justice of the New York Supreme Court, Orange County;[4] (3) the Orange County Probation Department; (4) Orange County Child Protective Services ("OCCPS"); (5) the County of Rockland; (6) the Town of Warwick Police Department ("TOWPD"); (7) unidentified "John Does 1-10"; (8) Probation Officer Skyler Kemp, Plaintiff's probation officer;[5] (9) the Town of Warwick ("TOW"); (10) the County of Orange; (11) Warwick Police Sergeant Sircable; (12) Warwick Police Officer Laya; (13) Warwick Police Officer Kennedy; (14) "Orange County Family Court"; (15) "Rockland County Family Court"; (16) Garnett Medical Center (the "hospital"); (17) Paul Weber, Plaintiff's court-appointed criminal defense attorney who also appeared for her at Family Court proceedings; (18) the Orange County District Attorney's Office;

---

[2] Under Rule 5.2(a) of the Federal Rules of Civil Procedure, court submissions may only refer to the name of a minor child by using the initials of the child's name, and to a person's birth date by using the person's birth year.  *See* Fed. R. Civ. P. 5.2(a)(2), (3).  A party or non-party filer who reveals their own personal information, such as their complete birth date, in their court submissions, waives the protection of this rule.  *See* Fed. R. Civ. P. 5.2(a), (h).  While Plaintiff has revealed her own complete birth date in her second amended complaint (Dkt. No. 23) and in her Rule 60(b)(6) motion (Dkt. No. 20), in those submissions, she has also revealed the full names and complete birth dates of her minor children, who have not filed anything in this Action. The Court has therefore directed that the Clerk of Court to restrict public electronic access to those submissions pending a further order of the Court.  *See* Fed. R. Civ. P. 5.2(a)(2), (3).

[3] The second amended complaint is a combination of three complaints with three captions; the second and third captions include both duplicative and non-duplicative additional defendants.  In the third caption, Plaintiff seems to indicate that she is asserting claims on her own behalf and on behalf of her three minor children.  (Dkt. No. 23, at 11.)  Here, the Court has listed all of the defendants listed in all three captions.

[4] Plaintiff has crossed out Judge Brown in the first and second captions (Dkt. No. 23, at 1, 4), but refers to him as a defendant within the text of her second amended complaint, (*see id.* at 2, 5).

[5] Plaintiff has crossed out Kemp in the second caption (Dkt. No. 23, at 4), but refers to her as a defendant with the text of her second amended complaint, (*see id.* at 5).

(19) Orange County District Attorney David M. Hoovler; (20) Orange County Assistant District Attorney Dole; (21) James Leo, Plaintiff's father; (22) Catherine Leo, Plaintiff's mother; (23) Francis (also known as Frankie or Frank) Navarra, the father of at least one of Plaintiff's children; (24) Natalie Navarra, the paternal grandmother of at least one of Plaintiff's children and the mother of Francis Navarra; (25) the Orange County Department of Social Services; (26) OCCPS Supervisor Christina Caceres; (27) OCCPS Supervisor Jeanine Locicero; (28) OCCPS Supervisor Morgan Cruz; (29) OCCPS Supervisor Catherine Drake; (30) OCCPS employee Joan Dorer (also known as Joan Decker); (31) OCCPS employee Karen Fischer; (32) OCCPS employee Michelle Francise; (33) OCCPS employee Mandy Lane; (34) OCCPS employee L-M Ari; (35) OCCPS employee Sherisa Saladeen; (36) OCCPS employee Taylor Campbell; (37) OCCPS employee Jessica Pepin; (38) OCCPS employee Elizabeth Lofstedt; (39) an unidentified "John Doe" Warwick Police Officer who arrested Plaintiff, with other officers, or March 22, 2025; (40) the Orange County Sherriff's Office; (41) the Rockland County Sheriff's Office; (42) the Orange County Jail ("OCJ"); (43) the Rockland County Jail ("RCJ"); and (44) OCJ Correctional Lieutenant Nicholas Gessnar, Plaintiff's brother-in-law.

By order dated April 30, 2025, the court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reasons discussed below, the Court construes Plaintiff's Rule 60(b)(6) motion as a motion for reconsideration of Judge Stanton's September 18, 2025 order, brought under Local Civil Rule 6.3, and denies that motion. In addition, for the reasons set forth below, the Court: (1) dismisses, for the reasons set forth in Judge Stanton's September 18, 2025 order, all of those type of claims raised again in the second amended complaint that Judge Stanton, in his September 18, 2025 order, previously dismissed, with the exception of any claims raised against municipalities and individual defendants, not

including claims against Judge Brown and Probation Officer Kemp; (2) dismisses Plaintiff's

official-capacity claims against municipal officers; (3) dismisses Plaintiff's federal claims against

the New York Family Courts for Orange and Rockland Counties and the Orange County District

Attorney's Office; (4) dismisses Plaintiff's federal individual-capacity claims for damages

against District Attorney Hoovler and Assistant District Attorney Dole; and (5) dismisses

Plaintiff's federal claims against the Hospital, the RCJ, and the OCJ.  The Court directs counsel

for the Hospital's owner and operator and for the TOW to provide the identities, service

addresses, and, if appropriate, badge numbers of the abovementioned unidentified "John Doe"

and "Jane Doe" defendants.  The Court directs service on the remaining identified defendants, as

specified below.

## I.  Standard of Review

The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).  The Court must also

dismiss a complaint when the court lacks subject matter jurisdiction of the claims raised.  *See*

Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006).  But the "special solicitude" in *pro se* cases, *id*. at 475 (citation

omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the

Federal Rules of Civil Procedure ("Rule 8"), which requires a complaint to make a short and

plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true.  *Id.*  But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions.  *Id.* (citing *Twombly*, 550 U.S. at 555).  After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

## II.  Analysis

### A.  Plaintiff's Rule 60(b)(6) motion

Plaintiff's Rule 60(b)(6) motion (Dkt. No. 20) seems to challenge, at least in part, Judge Stanton's September 18, 2025 order dismissing Plaintiff's claims but granting Plaintiff leave to replead (Dkt. No. 17).[6]  Because Judge Stanton's September 18, 2025 order was not a final order, *see Slayton v. Am. Express Co.*, 460 F.3d 215, 224 (2d Cir. 2006) ("A dismissal with leave to amend is a non-final order and not appealable"), and because Rule 60(b) "applies only to final orders and judgments," *Harris v. Millington*, 613 F. App'x 56, 58 (2d Cir. 2015) (summary order)

---

[6] In this pending motion, Plaintiff asks the court to: (1) "[e]njoin Defendants from further retaliation or interference with her legal mail and access to the courts"; (2) "direct . . . [prison officials] to ensure she has reasonable law-library access and the ability to send and receive legal mal to" the court; (3) "restore . . . [this Action] to the active docket"; and (4) "treat [her amended complaint (Dkt. No. 10)] as the operative pleading[] or grant leave for [her] to file a . . . [second] amended complaint once she has meaningful access to the court."  (Dkt. No. 20, at 3.)  Plaintiff has attached to this motion copies of previous pleadings and supplements raising claims and seeking relief previously adjudicated in Judge Stanton's September 18, 2025 order.  (*Id.* at 9–13.)

(citing Fed. R. Civ. P. 60(b) and *Fennel v. TLB Kent Co.*, 865 F.2d 498, 501 (2d Cir. 1989)), the Court construes Plaintiff's Rule 60(b)(6) motion as a motion for reconsideration of Judge Stanton's September 18, 2025 order brought under Local Civil Rule 6.3.

Under Local Civil Rule 6.3, a motion for reconsideration must be brought within 14 days of the entry of the court's order being challenged. Judge Stanton's September 18, 2025 order was entered the next day, September 19, 2025. The time to file a timely motion for reconsideration expired 14 days later, on October 3, 2025. Plaintiff did not file her motion, at the earliest, until December 9, 2025, which is the date listed in the motion's declaration. (Dkt. No. 20, at 4.) Accordingly, the Court denies the motion as untimely.

Even if the motion were timely, the Court would still deny it. A party who seeks reconsideration must show that the court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 508–09 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391–92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206, 209–10 (S.D.N.Y. 2009) ("[A] motion for reconsideration [under Local Civil Rule 6.3] is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which [the moving] party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'" (citations omitted)).

Plaintiff asserts nothing to suggest that Judge Stanton overlooked controlling law or factual matters when he dismissed Plaintiff's claims in his September 18, 2025 order. Accordingly, the Court alternatively denies Plaintiff's motion on this basis.

B. Types of claims raised again in the second amended complaint that Judge Stanton previously dismissed in his September 18, 2025 order without leave to replead

The Court must dismiss those types of claims that, in her second amended complaint, Plaintiff raises again which Judge Stanton, in his September 18, 2025 order, previously adjudicated and dismissed without leave to replead.  In that previous order, Judge Stanton: (1) dismissed Plaintiff's claims seeking the criminal prosecution of others; (2) dismissed Plaintiff's claims brought *pro se* on behalf of others; (3) dismissed, under the *Younger* abstention doctrine, Plaintiff's claims seeking injunctive and declaratory relief that would cause the court to intervene and disrupt her pending state-court criminal action(s); (4) dismissed, under the *Rooker-Feldman* doctrine, Plaintiff's federal claims seeking injunctive and/or declaratory relief that would impugn her state-court conviction[7]; (5) dismissed Plaintiff's federal claims against Judge Brown and Probation Officer Kemp under the doctrine of judicial immunity; (6) dismissed, under the domestic relations abstention doctrine, Plaintiff's federal claims seeking a decision with regard to custody of her children; (7) dismissed Plaintiff's procedural due process claims arising from OCCPS's taking custody of her children, but with leave to replead; (8) dismissed Plaintiff's substantive due process claims arising from OCCPS's taking custody of her children, but with leave to replead; (9) dismissed Plaintiff's claims against municipal agencies, construed them as brought against the municipalities themselves, and dismissed Plaintiff's Section 1983 claims against all of the Municipal defendants with leave to replead such claims solely against the municipalities themselves; (10) dismissed Plaintiff's Section 1983 claims against the individual defendants, but with leave to replead their direct and personal involvement (not

---

[7] Judge Stanton also dismissed any construed claims for *habeas corpus* relief under 28 U.S.C. § 2254 for lack of jurisdiction and/or for failure to exhaust state-court remedies.  (Dkt. No. 17, at 11 n.5.)

including any claims against Judge Brown and Kemp for which they were adjudicated immune from suit); and (11) dismissed Plaintiff's Section 1983 and 1985 conspiracy claims, but with leave to replead.  (Dkt. No. 17.)

In her second amended complaint, Plaintiff again asserts the types of claims that Judge Stanton previously adjudicated and dismissed without leave to replead in his September 18, 2025 order, specifically: (1) claims seeking the criminal prosecution of others; (2) claims brought *pro se* on behalf of others[8]; (3) claims seeking injunctive and declaratory relief the would cause the court to intervene and disrupt Plaintiff's pending state-court criminal action; (4) federal claims seeking injunctive and/or declaratory relief that would impugn Plaintiff's state-court conviction, including any claims for federal *habeas corpus* relief under 28 U.S.C. § 2254; (5) federal claims against Judge Brown and Probation Officer Kemp; (6) federal claims seeking a decision with regard to custody of Plaintiff's children; and (7) claims against municipal agencies.  (*See id.*) The Court dismisses these types of claims raised again in Plaintiff's second amended complaint for the same reasons Judge Stanton dismissed such types of claims in his September 18, 2025 order.  (*See id.*)

C.  Official-capacity federal claims brought against individual municipal officers

The Court dismisses Plaintiff's federal claims brought against any individual municipal officers in their official capacities, including Defendant Mezzella.  This is because such claims are duplicative of Plaintiff's federal claims against the Municipal defendants themselves.  *See Coon v. Town of Springfield*, 404 F.3d 683, 687 (2d Cir. 2005) ("[A Section] 1983 suit against a

---

[8] The Court notes that, in her second amended complaint, Plaintiff seems to assert claims *pro se* on behalf of a person named Charles Bernard Starke and her own three children.  While the September 18, 2025 order did not contemplate any claims Plaintiff raises *pro se* on behalf of her own children, the same reasoning applies.  Plaintiff, who does not assert that she is an attorney, cannot assert claims on behalf of anyone else *pro se*.  (*See* Dkt. No. 17, at 7–8.)

municipal officer in his official capacity is treated as an action against the municipality itself.");
*see also Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) ("There is no longer a need to bring official-capacity actions against local government officials . . . [because] local government units can be sued directly for damages and injunctive or declaratory relief."). The Court therefore dismisses these claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

D. Plaintiff's claims against the New York Family Courts and the Orange County District Attorney

The Court must dismiss Plaintiff's claims against the New York Family Courts for Orange and Rockland Counties and against the Orange County District Attorney's Office under the doctrine of Eleventh Amendment immunity. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogate[d] the states' Eleventh Amendment immunity. . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted). "[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id.* (internal quotation marks and citation omitted). This immunity shields States, their agencies, and instrumentalities from claims for money damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72–74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101–02 (1984).

The doctrine of Eleventh Amendment immunity also precludes a plaintiff from seeking, in federal court, relief under state law against a State, its agencies, and its instrumentalities. *See Raygor v. Regents of Univ. of Minn.*, 534 U.S. 533, 540–42 (2002); *Halderman*, 465 U.S. at 120–21; *In re Charter Oak Assocs.*, 361 F.3d 760, 765 (2d Cir. 2004) ("Although the text of the

9

[Eleventh] Amendment would appear to restrict only the Article III diversity jurisdiction of the federal courts, it has been construed more broadly to render states and their agencies immune from suits brought by private parties in federal court." (internal quotation marks and citation omitted)).

"The New York State Unified Court System and individual state courts, including Family Courts, are arms of the state that are entitled to Eleventh Amendment immunity." *Newsome v. Villaseñor*, No. 25-CV-8774, 2026 WL 1214592, at *4 (S.D.N.Y. May 1, 2026); *see Gollomp*, 568 F.3d at 368. In addition, "[i]n the State of New York, a District Attorney's Office, when prosecuting a criminal matter, is deemed an arm of the State of New York and, therefore, in that context, enjoys Eleventh Amendment immunity from suit." *Mobley v. Rodriguez*, No. 25-CV-6784, 2025 WL 3042024, at *3 (S.D.N.Y. Oct. 31, 2025) (citing cases); *see also Ying Jing Gan v. City of New York*, 996 F.2d 522, 535–36 (2d Cir. 1993) (District Attorneys sued in their official capacities are treated as state officers with respect to their "decisions whether or not, and on what charges to prosecute").

Congress has not abrogated the States' immunity for Section 1983, 1985, and 1986 claims, *see Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990) (Section 1983 claims); *Qader v. Cohen & Slamowitz*, No. 10-CV-1664, 2011 WL 102752, at *3 (S.D.N.Y. Jan. 10, 2011) (Section 1983, 1985, and 1986 claims, citing cases), and the State of New York has not waived its immunity to suit in federal court for claims under those statutes, *see Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977) (Section 1983); *Winters v. New York*, No. 24-CV-7420, 2026 WL 710123, at *6 (E.D.N.Y. Mar. 13, 2026) (collecting cases). Thus, the Court dismisses Plaintiff's Section 1983, 1985, and 1986 claims against the New York Family Court, Orange County, the New York Family Court, Rockland County, and, because Plaintiff's

10

claims against the Orange County District Attorney's Office involve its decisions as to whether or not to criminally prosecute Plaintiff and on what charges, the Court also dismisses such claims against that office, all under the doctrine of Eleventh Amendment immunity, because such claims seek monetary relief from defendants that are immune from such relief, *see* § 1915(e)(2)(B)(iii), and because the Court lacks subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3*); see Close v. New York*, 125 F.3d 31, 38–39 (2d Cir. 1997) ("[U]nless New York waived its immunity, the district court lacked subject matter jurisdiction"); *Atl. Healthcare Benefits Trust v. Googins*, 2 F.3d 1, 4 (2d Cir. 1993) ("Although the parties do not address the Eleventh Amendment in their briefs, we raise it *sua sponte* because it affects our subject matter jurisdiction"; holding that, under the Eleventh Amendment, the court lacked jurisdiction over the plaintiff's claims against a state agency).  In addition, and for the same reasons, the Court dismisses any state-law claims raised against these defendants.  *See* § 1915(e)(2)(B)(iii); Fed. R. Civ. P. 12(h)(3).

E.  Federal claims for damages brought against District Attorney Hoovler and Assistant District Attorney Dole in their individual capacities

The Court understands Plaintiff's second amended complaint as asserting Section 1983, 1985, and 1986 claims for damages against District Attorney Hoovler and Assistant District Attorney Dole in their individual capacities.  The Court must dismiss these claims under the doctrine of prosecutorial immunity.  Under this doctrine, prosecutors are immune from individual-capacity civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "'intimately associated with the judicial phase of the criminal process.'"  *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who

performed it" (internal quotation marks and citations omitted)).  This immunity applies to, among other prosecutorial actions, the decision of whether to prosecute someone.  *See Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) (among the prosecutorial actions protected from damages liability by the doctrine of prosecutorial immunity are "deciding whether to bring charges and presenting a case to a grand jury or a court, along with the tasks generally considered adjunct to those functions, such as witness preparation, witness selection, and issuing subpoenas").  In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial."  *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009); *see also Ogunkoya v. Monaghan*, 913 F.3d 64, 70–72 (2d Cir. 2019) (holding that prosecutors' direction as to where a criminal defendant would be arraigned was in preparation for a court proceeding in which the prosecutors were acting as advocates, and prosecutors were therefore shielded by absolute immunity).  Prosecutors are immune under this doctrine for such acts taken in the course of a probation revocation proceeding.  *See, e.g.*, *Shakir v. Derby Police Dep't*, No. 11-CV-1940, 2015 WL 13860933, at *5–6 (D. Conn. Mar. 31, 2015).  In addition to applying to Section 1983 claims, this doctrine has been applied to Section 1985 and Section 1986 claims as well.  *See Vazquez-Diaz v. Borreiro*, No. 22-CV-8708, 2022 WL 17539501, at *3–4 (S.D.N.Y. Dec. 5, 2022) (Section 1983 and Section 1985 claims), *appeal dismissed*, No. 23-42, 2023 WL 4347957 (2d Cir. May 4, 2023) (unreported decision); *Santos v. Syracuse Police Dep't*, Nos. 22-CV-1102, 22-CV-1164, 2022 WL 16949542, at *6 (N.D.N.Y. Nov. 15, 2022) (Section 1986 claims), *report & recommendation adopted*, 2023 WL 3612842 (N.D.N.Y. May 24, 2023).

Here, Plaintiff's claims under Sections 1983, 1985, and 1986 against District Attorney Hoovler and Assistant District Attorney Dole are based on their actions that were within the

12

scope of their official duties as prosecutors (deciding whether or not to prosecute Plaintiff and, if so, on what charges) and were associated with the conduct of a trial (a pending state-court criminal proceeding and a previously adjudicated probation-revocation proceeding). The Court therefore dismisses Plaintiff's Section 1983, 1985, and 1986 individual-capacity claims for damages against District Attorney Hoovler and Assistant District Attorney Dole under the doctrine of prosecutorial immunity, for seeking monetary relief from defendants who are immune from such relief, *see* § 1915(e)(2)(B)(iii), and because such claims are frivolous, *see* § 1915(e)(2)(B)(i); *Collazo v. Pagano*, 656 F.3d 131, 134 (2d Cir. 2011) (holding, for the purposes of the IFP statute, that a claim dismissed under the doctrine of prosecutorial immunity is deemed frivolous).

F. Federal claims against the Hospital, the RCJ, and OCJ

The Court also understands the second amended complaint as asserting Section 1983, 1985, and 1986 claims against the Hospital, the RCJ, and the OCJ. Each of those statutes extends liability to "persons." 42 U.S.C. §§ 1983, 1985, 1986. But "[i]t is well established that a hospital is not a person [for the purposes of] Section 1983 liability." *Simpara v. NY DA (Dist. Attorney)*, No. 24-CV-8095, 2025 WL 2410556, at *3 (S.D.N.Y. Aug. 20, 2025) (internal quotation marks omitted, collecting cases). The same is true with respect to a jail or prison as to Section 1983, 1985, and 1986 claims. *See Winchcombe v. Whitaker*, No. 26-CV-0145, 2026 WL 614170, at *1 (S.D.N.Y. Mar. 3, 2026) (Section 1983 claims); *Gauthier v. Kirkpatrick*, No. 2:13-CV-0187, 2013 WL 6407716, at *15 (D. Vt. Dec. 9, 2013) (Section 1983, Section 1985, and Section 1986 claims). Thus, if a hospital is not a person for the purposes of Section 1983 claims, and a jail or prison is not a person for Section 1983, 1985, and 1986 claims, a hospital is also not a person for Section 1985 and 1986 claims. The Court therefore dismisses Plaintiff's Section

1983, 1985, and 1986 claims against the Hospital, the RCJ (a jail), and the OCJ (another jail) for failure to state a claim on which relief may be granted.[9]  *See* § 1915(e)(2)(B)(ii).

G.  Unidentified "John Doe" and "Jane Doe" defendants

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the Court in identifying an unidentified defendant.  121 F.3d 72, 76 (2d Cir. 1997).  In the second amended complaint, Plaintiff supplies sufficient information to permit the TOW and Garnet Health (the Hospital's owner and operator) to identify the unidentified "John Doe" and "Jane Doe" defendants; they include: (1) the TOWPD police officer(s) not already named as a defendant in this Action, who, along with TOWPD Police Officer Mezzella (or Mazzella), entered Plaintiff's home on a date in February 2024; (2) the TOWPD police officer(s) not already named as a defendant in this Action who, on a date in February 2025, entered Plaintiff's home while Plaintiff was home alone; (3) the TOWPD police officer(s) not already named as a defendant in this Action who, on March 22, 2025, assisted TOWPD Police Officer Mezzella (or Mazzella) in arresting Plaintiff; and (4) the security guards, nurses, and other persons employed at the Garnet Medical Center who, on January 13 and 14, 2025, restrained Plaintiff while she was medicated in that facility, medicated her in that facility, and/or drew her blood in that facility.  It is therefore ordered that counsel for the TOW and Garnet Health must ascertain the identity and, if appropriate, badge number of each of the unidentified "John Doe" and "Jane Doe" defendants whom Plaintiff seeks to sue here and the address where each of them may be served.  Counsel for the TOW and Garnet Health must provide this information to Plaintiff and to the Court within 60 days of the date of this order.

---

[9] The Court offers no opinion as to the merits of any claims under federal or state law that Plaintiff may assert against the Hospital's owner and operator, Garnet Health, in a third amended complaint.

Within 30 days of receiving this information, Plaintiff may file a third amended complaint naming the newly identified individuals as defendants and providing their service addresses and, if appropriate, badge numbers.  The third amended complaint will replace, not supplement, the original complaint, the amended complaint, the amended complaint's supplements, and the second amended complaint.  A third amended complaint form that Plaintiff should complete is attached to this order.  Once Plaintiff has filed a third amended complaint, the Court will screen it and, if necessary, issue an order directing service on the newly identified defendants.[10]

H.  Service on the remaining identified defendants

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the United States Marshals Service ("USMS") to effect service on the remaining identified defendants, which include: (1) TOWPD Police Officer Mezzella (or Mazzella); (2) the County of Rockland; (3) the TOW; (4) the County of Orange: (5) TOWPD Police Sergeant Sircable; (6) TOWPD Policer Officer Laya; (7) TOWPD Police Officer Kennedy; (8) Paul Weber; (9) James Leo; (10) Catherine Leo; (11) Francis (also known as Frankie or Frank) Navarra; (12) Natalie Navarra; (13) Christina Caceres; (14) Jeanine Locicero; (15) Morgan Cruz; (16) Catherine Drake; (17) Joan Dorer (also known as Joan Decker); (18) Karen Fischer; (19) Michelle Francise; (20) Mandy Lane; (21) L-M Ari; (22) Sherisa Saladeen; (23) Taylor Campbell; (24) Jessica Pepin; (25) Elizabeth Lofstedt; and (26) OCJ Correctional Lieutenant Nicholas Gessnar (collectively referred to as "the remaining identified defendants").[11]  *Walker v.*

---

[10] Plaintiff's third amended complaint must comply with the personal-information restrictions articulated in Rule 5.2 of the Federal Rules of Civil Procedure.

[11]Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date that the complaint is filed, Plaintiff is proceeding IFP and could not have effected service on the remaining identified defendants until the Court

*Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the USMS to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on the remaining identified defendants through the USMS, the Clerk of Court is instructed to fill out a USMS Process Receipt and Return form ("USM-285 form") for each of the remaining identified defendants.  The Clerk of Court is further instructed to issue summonses for the remaining identified defendants and deliver to the USMS all the paperwork necessary for the USMS to effect service of summonses and the second amended complaint on the remaining identified defendants.

If the summonses and the second amended complaint are not served on the remaining identified defendants within 90 days after the date that the summonses for the remaining identified defendants are issued, Plaintiff should request an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if her mailing address changes, and the Court may dismiss this Action if she fails to do so.

### III.  Conclusion

The Court directs the Clerk of Court to mail an information package to Plaintiff.

The Court construes Plaintiff's motion brought under Rule 60(b)(6) of the Federal Rules of Civil Procedure (Dkt. No. 20) as a motion for reconsideration brought under Local Civil Rule

---

reviewed the second amended complaint and ordered that summonses be issued for the remaining identified defendants.  The Court therefore extends the time to serve the remaining identified defendants until 90 days after the date that summonses for the remaining identified defendants issue.

6.3. For the reasons discussed in this order, the Court denies that motion. The Court therefore directs the Clerk of Court to terminate the Motion at Dkt. No. 20.

In addition, for the reasons discussed above, the Court dismisses Plaintiff's claims against: (1) Judge Brown; (2) the Orange County Probation Department; (3) Orange County Child Protective Services; (4) the Town of Warwick Police Department; (5) Probation Officer Skyler Kemp; (6) "Orange County Family Court"; (7) "Rockland County Family Court"; (8) Garnet Medical Center; (9) the Orange County District Attorney's Office; (10) Orange County District Attorney David M. Hoovler; (11) Orange County Assistant District Attorney Dole; (12) the Orange County Department of Social Services; (13) the Orange County Sheriff's Office; (14) the Rockland County Sheriff's Office; (15) the Orange County Jail; and (16) the Rockland County Jail. The Court therefore directs the Clerk of Court to terminate these defendants from the docket caption of this Action.

The Court also directs the Clerk of Court to: (1) issue summonses for the remaining 26 identified defendants, which include:

(a) Police Officer Mezzella (or Mazzella),

(b) the County of Rockland,

(c) the Town of Warwick,

(d) the County of Orange,

(e) Police Sergeant Sircable,

(f) Police Officer Laya,

(g) Police Officer Kennedy,

(h) Paul Weber,

(i) James Leo,

17

(j) Catherine Leo,

(k) Francis (also known as Frankie or Frank) Navarra,

(l) Natalie Navarra,

(m) Christina Caceres,

(n) Jeanine Locicero,

(o) Morgan Cruz,

(p) Catherine Drake,

(q) Joan Dorer (also known as Joan Decker),

(r) Karen Fischer,

(s) Michelle Francise,

(t) Mandy Lane,

(u) L-M Ari,

(v) Sherisa Saladeen,

(w) Taylor Campbell,

(x) Jessica Pepin,

(y) Elizabeth Lofstedt, and

(z) Correctional Lieutenant Nicholas Gessnar;

(2) complete USM-285 forms with the service addresses for these defendants; and (3) deliver all documents necessary to effect service of summonses and the second amended complaint (Dkt. No. 23) on these defendants to the United States Marshals Service.

The Court further directs the Clerk of Court to mail copies of this order and of the second amended complaint (Dkt. No. 23) to the following addresses: (1) Town of Warwick, 132 Kings

Highway, Warwick, New York 10990; and (2) Garnet Health, 707 East Main Street, Middletown, New York 10940-2650.

The Court directs counsel for the Town of Warwick and for Garnet Health to provide to Plaintiff and to the Court the identities, service address, and, if appropriate, badge numbers of the unidentified "John Doe" and "Jane Doe" defendants, as specified in this order.

A third amended complaint form is attached to this order.

The Court additionally directs the Clerk of Court to revoke Plaintiff's consent to electronic service of court documents (Dkt. No. 3) unless and until Plaintiff files another such consent clearly indicating her consent to electronic service of court documents while she is incarcerated.  Unless and until Plaintiff does so, the Clerk of Court is to remove Plaintiff's email address from her docket address.  This order and all future court filings are to be mailed to Plaintiff unless and until Plaintiff files such a consent.

To the extent that Plaintiff seeks *habeas corpus* relief, because she has not, at this time, made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.  The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  May 26, 2026
        White Plains, New York

_____
KENNETH M. KARAS
United States District Judge

**SERVICE ADDRESSES FOR DEFENDANTS**

1.     Police Officer Mezzella (or Mazzella)
Town of Warwick Police Department
132 Kings Highway
Warwick, New York 10990

2.     The County of Rockland
Law Department
11 New Hempstead Road
New City, New York 10956

3.     The Town of Warwick
132 Kings Highway
Warwick, New York 10990

4.     The County of Orange
Law Department
255-275 Main Street
Goshen, New York 10924

5.     Police Sergeant Sircable
Town of Warwick Police Department
132 Kings Highway
Warwick, New York 10990

6.     Police Officer Laya
Town of Warwick Police Department
132 Kings Highway
Warwick, New York 10990

7.     Police Officer Kennedy
Town of Warwick Police Department
132 Kings Highway
Warwick, New York 10990

8.     Paul Weber, Esq.
Weber Law Firm, PLLC
P.O. Box 330
Cornwall, New York 12518

9.     James Leo
15 Rutledge Avenue
Highland Hills, New York 10930

10.     Catherine Leo
15 Rutledge Avenue
Highland Hills, New York 10930

11.     Francis (also known as Frankie or Frank) Navarra
27 Roe Avenue
Cornwall-On-Hudson, New York 12520

12.     Natalie Navarra
27 Roe Avenue
Cornwall-On-Hudson, New York 12520

13.     Christina Caceres
Orange County Child Protective Services
Box Z
11 Quarry Road
Goshen, New York 10924

14.     Jeanine Locicero
Orange County Child Protective Services
Box Z
11 Quarry Road
Goshen, New York 10924

15.     Morgan Cruz
Orange County Child Protective Services
Box Z
11 Quarry Road
Goshen, New York 10924

16.     Catherin Drake
Orange County Child Protective Services
Box Z
11 Quarry Road
Goshen, New York 10924

17.     Joan Dorer (also known as Joan Decker)
Orange County Child Protective Services
Box Z
11 Quarry Road
Goshen, New York 10924

18.     Karen Fischer
        Orange County Child Protective Services
        Box Z
        11 Quarry Road
        Goshen, New York 10924

19.     Michelle Francise
        Orange County Child Protective Services
        Box Z
        11 Quarry Road
        Goshen, New York 10924

20.     Mandy Lane
        Orange County Child Protective Services
        Box Z
        11 Quarry Road
        Goshen, New York 10924

21.     L-M Ari
        Orange County Child Protective Services
        Box Z
        11 Quarry Road
        Goshen, New York 10924

22.     Sherise Saladeen
        Orange County Child Protective Services
        Box Z
        11 Quarry Road
        Goshen, New York 10924

23.     Taylor Campbell
        Orange County Child Protective Services
        Box Z
        11 Quarry Road
        Goshen, New York 10924

24.     Jessica Pepin
        Orange County Child Protective Services
        Box Z
        11 Quarry Road
        Goshen, New York 10924

25.    Elizabeth Lofstedt
       Orange County Child Protective Services
       Box Z
       11 Quarry Road
       Goshen, New York 10924

26.    Correctional Lieutenant Nicholas Gessnar
       Orange County Jail
       110 Wells Farm Road
       Goshen, New York 10924

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____
(Include case number if one has been assigned)

**THIRD AMENDED**
**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 5/20/16

## I.     LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.     PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name              Middle Initial              Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                              State              Zip Code

## III.     PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

Page 2

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                      State                  Zip Code

Defendant 2:

First Name                Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                      State                  Zip Code

Defendant 3:

First Name                Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                      State                  Zip Code

Defendant 4:

First Name                Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                      State                  Zip Code

Page 3

## V.    STATEMENT OF CLAIM

Place(s) of occurrence:  _____

Date(s) of occurrence:  _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Page 4

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.    PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| First Name | Middle Initial | Last Name |
|---|---|---|

| Prison Address |
|---|

| County, City | State | Zip Code |
|---|---|---|

Date on which I am delivering this complaint to prison authorities for mailing: _____

Page 6