**TERESA ELIZABETH MURPHY, Plaintiff Pro Se**
32 Robert Drive
Warwick, New York 10990
(845) 929-9002 | teresamurphy819@gmail.com

September 28, 2026

Hon. Kenneth M. Karas
United States District Judge
United States District Court, Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4150

**Re: Murphy v. Mezzella, et al., No. 7:25-CV-01950 (KMK)**

**LETTER-MOTION TO ENFORCE ECF NO. 25, CLARIFY THE THIRD-AMENDED-COMPLAINT DEADLINE, AND ADJUST RULE 12 / SERVICE SEQUENCING**

Dear Judge Karas:

Plaintiff Teresa Elizabeth Murphy, proceeding pro se and in forma pauperis, respectfully submits this letter-motion under Federal Rule of Civil Procedure 6(b), the Court's May 26, 2026 Order of Service (ECF No. 25), and Judge Karas's Individual Rules I(B), I(C), and II(A). Plaintiff seeks only case-management, deadline, identification, and service-sequencing relief necessary to complete the Third Amended Complaint ("TAC") already contemplated by ECF No. 25. Plaintiff is not presently moving for leave to amend under Rule 15(a)(2).

**INDIVIDUAL RULE I(C) INFORMATION**

The current Rule 12 dates are October 15, 2026 for the Orange County and Rockland County motions, November 22, 2026 for Plaintiff's opposition, and December 4, 2026 for replies. Previous requests concerning adjustment or sequencing of these deadlines: one, ECF No. 72. No order granting or denying an extension of the ECF Nos. 69 and 71 schedule appears on the docket through September 28, 2026. Plaintiff requested positions from appearing counsel concerning the related service and sequencing issues before the September 17 filing reflected at ECF No. 72. Plaintiff has not obtained consent to the relief requested here; no opposing party has supplied Plaintiff with a separate reason for consenting to or refusing this specific request. This letter-motion is filed more than five business days before the October 15, 2026 motion deadline.

**I. GARNET HEALTH RECEIVED THE COURT-DIRECTED MAILING, BUT THE DOCKET DOES NOT SHOW THE REQUIRED IDENTIFICATION RESPONSE**

ECF No. 25 directed the Clerk to mail the Second Amended Complaint and Order of Service to Garnet Health, 707 East Main Street, Middletown, New York 10940-2650, and directed counsel for Garnet Health to provide Plaintiff and the Court with the identities, service addresses, and, where appropriate, badge numbers of the unidentified hospital personnel described in the Order. The June 9, 2026 docket entry confirms that the Clerk completed that mailing. Garnet Health was not one of the twenty-six defendants sent to the United States Marshals Service for Rule 4 service; Garnet's obligation was the separate identification directive.

The docket through September 28, 2026 does not show a Garnet Health identification filing. Plaintiff filed ECF No. 64 on August 5, 2026 seeking enforcement of ECF No. 25 and clarification of the TAC deadline, and again raised the unresolved identification/TAC issue in ECF No. 72. No docketed order resolves the Garnet identification issue.

**II. PLAINTIFF NEVER RECEIVED A GARNET IDENTIFICATION RESPONSE; ANY PRIOR MAILING TO ALBION MUST BE IDENTIFIED AND RE-SERVED**

Plaintiff was released from custody on June 18, 2026. During May and June 2026 she was transferred between custodial facilities. Her Warwick address was docketed on June 30, 2026. Plaintiff did not receive from Garnet Health or its counsel the identification information ordered in ECF No. 25, either while incarcerated or after release.

Plaintiff also did not receive other expected legal mail while housed at Albion Correctional Facility, including mail relating to this federal action and other pending court matters. After release, when Plaintiff contacted Albion regarding missing legal mail, she was directed to ask her parole officer. Plaintiff states this solely to establish a concrete notice and receipt problem. Accordingly, if Garnet contends that it previously complied by mailing information to Albion or another custodial address, Plaintiff requests that Garnet be directed to file the date, method, and address of transmission and simultaneously provide Plaintiff and the Court with a complete duplicate response.

**III. THE TAC DEADLINE HAS NOT BEEN TRIGGERED BY INFORMATION PLAINTIFF NEVER RECEIVED**

ECF No. 25 contemplated a TAC after completion of the Court-directed Doe-identification process. Plaintiff cannot accurately name the Garnet security, nursing, medical, restraint, medication, guarding, and blood-draw personnel until the ordered information is received. See Valentin v. Dinkins, 121 F.3d 72, 75-76 (2d Cir. 1997). Plaintiff therefore requests a ruling that her thirty-day TAC period begins upon her actual receipt of the complete identification information required by ECF No. 25, not from an unconfirmed or undelivered mailing.

**IV. SERVICE STATUS MUST BE SEQUENCED WITH THE TAC**

The June 9, 2026 docket reflects summonses and USM-285 forms for Paul Weber, Francis "Frankie" Navarra, L-M Ari, Sherisa Saladeen, and Rockland County. The docket does not show completed service for Weber, Navarra, Ari, or Saladeen. Rockland County has appeared but disputes service. On September 28, 2026, Plaintiff sent a renewed written inquiry to the United States Marshals Service requesting defendant-specific status, executed and unexecuted USM-285 returns, dates and locations of attempted service, reasons for nonservice, and the precise Rockland County service event.

A filed TAC will supersede the Second Amended Complaint. See Pettaway v. National Recovery Solutions, LLC, 955 F.3d 299, 303 (2d Cir. 2020). Plaintiff therefore requests a single service sequence: defendants who have already appeared or waived service should receive the TAC under Rule 5; after the TAC is filed, the Clerk should issue summonses and USM-285 forms for each newly added defendant and each existing defendant who has not been validly served, and USMS should serve the TAC and summons on those persons under Rule 4. This avoids duplicative service of a pleading that will no longer be operative.

**V. SPECIFIC RELIEF REQUESTED**

1. Direct Garnet Health, within seven days of the Court's order, either to provide the complete identification information required by ECF No. 25 or, if Garnet contends that it already complied, to file the date, method, and address of its prior transmission and simultaneously provide Plaintiff and the Court with a complete duplicate response;
2. Confirm that Plaintiff's thirty-day period to file the Third Amended Complaint begins on the date Plaintiff actually receives the complete Garnet identification information required by ECF No. 25;
3. Vacate or hold in abeyance the October 15, 2026, November 22, 2026, and December 4, 2026 Rule 12 briefing dates in ECF Nos. 69 and 71 until the Third Amended Complaint is filed and served;
4. Direct that defendants who have already appeared or waived service be served with the Third Amended Complaint under Rule 5, and that the Clerk issue summonses and USM-285 forms after filing of the Third Amended Complaint for newly added defendants and any existing defendant who has not been validly served;
5. Permit Plaintiff to supplement the docket with the United States Marshals Service response to her September 28, 2026 service-status inquiry, including any executed or unexecuted USM-285 returns; and
6. Resolve ECF Nos. 64 and 72 to the extent they seek Garnet identification, TAC-deadline clarification, and sequencing relief.

Plaintiff will file the TAC authorized by ECF No. 25 within the deadline the Court confirms after the ordered identification information is received. If the Court determines that a separate Rule 15(a)(2) motion is required for any additional amendment beyond ECF No. 25, Plaintiff will comply with Local Civil Rule 15.1 by submitting a complete proposed amended pleading.

Respectfully submitted,
*/s/ Teresa Elizabeth Murphy*
Teresa Elizabeth Murphy, Plaintiff Pro Se

Plaintiff may file a Third Amended Complaint by 11/3/26. No extensions. The discovery issues raised herein can be addressed after that Third Amended Complaint is filed. Within their time to answer, Defendants can either answer or submit a briefing schedule for motions to dismiss the Third Amended Complaint. The Clerk is respectfully directed to mail this document to Plaintiff.

So Ordered.

10/9/26