UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TERESA MURPHY,

Plaintiff,

v.

OFFICER MEZZELLA, *et al.*,

Defendants.

No. 25-CV-1950 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

Pro se Plaintiff Teresa Murphy ("Plaintiff") brings this Action pursuant to 42 U.S.C. §§ 1983, 1985, and 1986, as well as under state law. (*See* Second Am. Compl. (Dkt. No. 23).) Before the Court are (1) Plaintiff's Motion for Habeas Corpus Relief, (*see* Emergency Mot. for Habeas Corpus Relief Dismissal of Warwick Charges ("Pl.'s Habeas Mot.") (Dkt. No. 26)), and (2) Plaintiff's Application for Appointment of Counsel, (*see* Appl. for Appointment of Counsel ("Pl.'s Counsel Appl.") (Dkt. No. 29)). For the reasons stated below, both are denied without prejudice.

Plaintiff's Motion for Habeas Corpus Relief

In her Motion, Plaintiff requests the following relief: (1) release from prison, and (2) dismissal or removal to federal court of charges pending in Warwick Village Court. (*See* Pl.'s Habeas Mot. 9–10.)

With regard to her first request, Plaintiff has now been released from prison, but is on parole. (*See, e.g.*, Not. of Change of Address (Dkt. No. 40)); *see also* Parolee Lookup, Dep't of Corr. & Cmty. Supervision, https://publicapps.doccs.ny.gov/ParoleeLookup/ (last visited Nov. 23, 2026) (listing parole status for "Teresa E Leomurphy" as active). Plaintiff claims that "she

was only released from prison if [she] agreed to an ACD, or [she] would still be incarcerated," even though she had previously received a parole date of June 17, 2026. (*See* Letter from Plaintiff to Court (June 26, 2026) 1–2 (Dkt. No. 39).) The Court understands this to mean that Plaintiff agreed to an adjournment in contemplation of dismissal of the charges that were pending against her in Warwick Village Court. (*See id.* at 2.) While Plaintiff has been released from prison, she is on parole, and thus remains "in custody" for the purposes of this Motion. *See* 28 U.S.C. § 2254 ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody* . . . ." (emphasis added)); *see also Hall v. Miller*, No. 21-CV-542, 2021 WL 1087782, at *1 (S.D.N.Y. Feb. 9, 2021) ("Parole and postrelease supervision are considered 'custody' for the purposes of § 2254 *habeas corpus* jurisdiction." (citing *Eisemann v. Herbert*, 401 F.3d 102, 105 n.1 (2d Cir. 2005))); *Sankara v. Martuscello*, No. 18-CV-6308, 2018 WL 11547940, at *1 n.3 (S.D.N.Y. Dec. 6, 2018) ("A court has jurisdiction to consider a § 2254 *habeas corpus* petition when the petitioner files [her] petition while [she] is in custody pursuant to the challenged state-court judgment and is subsequently released from that custody though the *habeas corpus* action is pending."). Accordingly, the Court has jurisdiction to consider Plaintiff's challenge to the conviction for which she remains on parole. However, that challenge must be denied for the following reasons.

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citation modified); *see also* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State

. . . ."). Plaintiff alleges that "[t]he state courts will not respond to [her] [m]otions, letters or requests," that Plaintiff "filed a grievance at Albion Correctional Facility and [] did not hear anything," and that she "filed a state [h]abeas [c]orpus and [] did not hear anything." (Pl.'s Habeas Mot. 12.) Neither these allegations, nor any others in Plaintiff's submissions suggest that she has exhausted her available state remedies with respect to the challenged conviction. Plaintiff also attaches a variety of documents to her Motion, but none of them suggest, for example, that she has challenged her conviction on direct appeal or collaterally attacked the conviction pursuant to N.Y. Crim. Proc. Law § 440.10. (*See generally* Pl.'s Habeas Mot.); *see also, e.g.*, *Carson v. McGuinness*, No. 23-CV-6776, 2025 WL 3539106, at *6 (S.D.N.Y. Dec. 10, 2025) (analyzing whether a claim has been exhausted, including that the petitioner must have "presented [her] federal constitutional claim to an appropriate state court, and having been denied relief, the petitioner must have utilized all available mechanisms to secure [state] appellate review of the denial of that claim" (quoting *Klein v. Harris*, 667 F.2d 274, 282 (2d Cir. 1981)*, abrogated on other grounds*, *Dave v. Att'y Gen. of N.Y.*, 696 F.2d 186, 195 (2d Cir. 1982) (en banc))).

With regard to her second request, Plaintiff has not alleged that she was convicted of the charges pending in Warwick Village Court. As discussed above, it appears from Plaintiff's submissions that she has agreed to an adjournment in contemplation of dismissal of those charges. (*See* Letter from Plaintiff to Court (June 26, 2026) 1–2 (Dkt. No. 39).) Section 2254 is therefore not the appropriate vehicle for Plaintiff to challenge the charges against her, because "Section 2254 does not apply in cases where a defendant has not been convicted." *Milchamot v. Warden of O.B.C.C.*, No. 25-CV-2979, 2025 WL 1657275, at *1 (S.D.N.Y. May 27, 2025); *see also, e.g.*, *Morgan v. Artetet*, No. 25-CV-6147, 2025 WL 2998232, at *2 (S.D.N.Y. Oct. 24,

2025) (same). Even if the Court were to construe Plaintiff's challenge as brought under 28 U.S.C. § 2241, "which is the proper vehicle to challenge the constitutionality of pretrial detention," *see, e.g.*, *Milchamot*, 2025 WL 1657275, at *2, Plaintiff has once again failed to allege that she has exhausted her available state remedies, and "[t]he exhaustion requirement would apply even if the Court construed [Plaintiff's] application under 28 U.S.C. § 2241. *See Brooks v. Keyser*, No. 20-CV-3403, 2020 WL 8988673, at *1 (S.D.N.Y. May 13, 2020). "Simply put, [Plaintiff] needs to explain either that [she] has exhausted [her] state remedies . . . or why the exhaustion requirement should be excused here." *Id.*

Even if Plaintiff had exhausted her available state remedies, the Court would be prevented from interfering with the charges pending in Warwick Village Court pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). In *Younger*, the Supreme Court held that federal courts, "in the interest of comity, should abstain from hearing a case that would interfere with an on-going state criminal proceeding." *Kunz v. N.Y. Comm'n on Judicial Conduct*, 356 F. Supp. 2d 188, 192 (N.D.N.Y. 2005) (citing *Younger*); *see also Spargo v. N.Y. Comm'n on Judicial Conduct*, 351 F.3d 65, 74–75 (2d Cir. 2003) (noting that *Younger* abstention is grounded in principles of comity and federalism and that "[b]oth considerations require federal courts to be cognizant that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways" (citation modified)). "*Younger* abstention is mandatory when: (1) there is a pending state proceeding, (2) that implicates an important state interest, and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of his or her federal constitutional claims." *Spargo*, 351 F.3d at 75. The *Younger* requirements are all met here. The criminal case against Plaintiff, even if adjourned in contemplation of dismissal, is pending in state court, and it implicates an important

state interest because "it is axiomatic that a state's interest in the administration of criminal justice within its borders is an important one." *Hansel v. Town Court for Town of Springfield*, 56 F.3d 391, 393 (2d Cir. 1995); *see also Colon v. Vance*, No. 18–CV–10058, 2019 WL 2867024, at *2 n.2 (S.D.N.Y. July 3, 2019) ("[T]he State of New York has an important interest in enforcing its criminal laws . . . ."). And despite Plaintiff's allegation that her motions relating to her speedy trial right have gone unanswered, (*see* Pl.'s Habeas Mot. 6–7, 12), she has simply not demonstrated that there is not adequate opportunity for review of her federal constitutional claims in the state court system. The state courts are more than capable of hearing Plaintiff's asserted federal constitutional claims, and in fact, "*Younger* generally prohibits courts from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings . . . ." *Spargo*, 351 F.3d at 75 (citation modified).

In her Motion, Plaintiff also requested removal to federal court of the charges pending in Warwick Village Court. (*See* Pl.'s Habeas Mot. 6–7.) Plaintiff argues that she "will not ever get a [f]air [t]rial in Warwick, NY" and that she is entitled to removal under 28 U.S.C. § 1443(1) because, Plaintiff alleges, the Warwick Village Court has ignored her motion to dismiss the charges against her for denial of her right to a speedy trial. (*See id* at 6–7, 12.) A defendant seeking to remove a state-court criminal prosecution to federal court must file "a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon [the] defendant . . . ." 28 U.S.C. § 1455(a). Even if the Court were to treat Plaintiff's Motion as her notice of removal, Plaintiff did not submit "a copy of all process, pleadings, and orders served upon [her]." *See id.* Plaintiff argues that she has "requested all evidence, all process, pleadings and orders" and questions how she can "file a

notice of removal . . . if the state courts will not respond or provide documents." (*See* Pl.'s Habeas Mot. 6.) But even if Plaintiff had submitted all documents properly, Section 1455 provides that "[a] notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant . . . leave to file the notice at a later time." 28 U.S.C. § 1455(b)(1). It is unclear from Plaintiff's submissions when exactly she was arraigned, as she states that she was arrested on March 22, 2025, and indicted on July 2, 2025. (*See* Pl.'s Habeas Mot. 10.) Accepting either of these dates as the date of arraignment, Plaintiff's purported notice of removal, filed May 28, 2026, is untimely, and the Court does not find that Plaintiff has made a showing of good cause for late notice.

Even if Plaintiff's notice were proper and timely, Plaintiff would not be entitled to removal. Removal of a criminal prosecution to federal court is restricted to a narrow set of circumstances:

> 1) where a criminal action in State court is commenced against a federal officer or member of the armed forces for actions taken under the color of office, 28 U.S.C. § 1442(a); and 2) where a criminal action is commenced in State court and the defendant is "denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States," 28 U.S.C. § 1443(1).

*Howell v. New York*, No. 25-CV-02916, 2026 WL 1295830, at *2 (S.D.N.Y. May 12, 2026) (citation omitted); *see also Rogers v. Town of Poughkeepsie*, No. 26-CV-1847, 2026 WL 1983556, at *2 (S.D.N.Y. June 8, 2026) (substantially same); *Jemison v. New York*, No. 25-CV-4950, 2026 WL 621629, at *3 (S.D.N.Y. Mar. 4, 2026) (substantially same); *People of New York v. Milchamot*, No. 26-CV-267, 2026 WL 100792, at *1 (S.D.N.Y. Jan. 14, 2026) (substantially same). Plaintiff does not allege that she is a federal officer or member of the armed forces.

Indeed, as discussed above, Plaintiff specifically alleges that removal is appropriate pursuant to 28 U.S.C. § 1443(1). (*See* Pl.'s Habeas Mot. 6–7.) Courts applying 28 U.S.C. § 1443(1) rely on a "two-pronged test" from *Johnson v. Mississippi*, 421 U.S. 213 (1975). *See, e.g.*, *Milchamot*, 2026 WL 100792, at *1. "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Johnson*, 421 U.S. at 219 (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). Second, it must appear . . . that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of [the] State.'" *Id.* (quoting 28 U.S.C. § 1443(1)). "This provision normally requires that the 'denial be manifest in a formal expression of state law,' such as a state legislative or constitutional provision, 'rather than a denial first made manifest in the trial of the case.'" *Id.* (quoting *Rachel*, 384 U.S. at 803). Plaintiff makes no such showing. Nothing in Plaintiff's submissions "suggests that this case rises to the 'rare situation' where the denial of a right to racial equality is manifest in a formal expression of state law, or that the state court could not vindicate any claims of racial targeting in their state court criminal proceedings." *See Howell*, 2026 WL 1295830, at *3.

For the foregoing reasons, Plaintiff's Motion for Habeas Corpus Relief is denied without prejudice.

<u>Plaintiff's Application for Counsel</u>

In an Application filed on June 11, 2026, Plaintiff requested that the Court appoint pro bono counsel on her behalf. (*See* Pl.'s Counsel Appl.)

Although there is not a constitutional right to counsel in civil cases, the Court has the authority to appoint counsel for indigent parties. *See* 28 U.S.C. § 1915(e)(1). Yet, "[b]road discretion lies with the district judge in deciding whether to appoint counsel pursuant to this

provision." *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). When analyzing whether appointment of counsel is appropriate, the Court should undertake a two-step inquiry. *See Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203–04 (2d Cir. 2003). First, the Court "'should . . . determine whether the indigent's position seems likely to be of substance.'" *Id.* at 203 (quoting *Hodge*, 802 F.2d at 61); *see also Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010) ("This Court considers motions for appointment of counsel by asking first whether the claimant has met a threshold showing of some likelihood of merit." (citation modified)). In other words, the claim must not be so "highly dubious" that the plaintiff appears to have no chance of success. *Hodge*, 802 F.2d at 60 (quoting *Miller v. Pleasure*, 296 F.2d 283, 285 (2d Cir. 1961)). In making this determination, the Court construes pleadings drafted by pro se litigants liberally and interprets them to raise the strongest arguments that they suggest. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *Sommersett v. City of New York*, 679 F. Supp. 2d 468, 472 (S.D.N.Y. 2010). If the threshold requirement is met, the Court should proceed to consider other prudential factors such as the plaintiff's

> ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented [to the fact finder], the indigent's ability to present the case, the complexity of the legal issues and any special reason . . . why appointment of counsel would be more likely to lead to a just determination.

*Ferrelli*, 323 F.3d at 203–04 (quoting *Hodge*, 802 F.2d at 61–62); *see also Garcia v. USICE (Dep't of Homeland Sec.)*, 669 F.3d 91, 98–99 (2d Cir. 2011) (listing *Hodge* factors).

Additionally, "the Second Circuit has interpreted [28 U.S.C. § 1915(e)(1)] to require that the plaintiff be unable to obtain counsel 'before appointment will even be considered.'" *Morris v. Moran*, No. 12-CV-7020, 2014 WL 1053658, at *1 (S.D.N.Y. Mar. 14, 2014) (quoting *Hodge*, 802 F.2d at 61); *see also Justice v. Kuhnapfel*, 982 F. Supp. 2d 233, 235 (E.D.N.Y. 2013) ("A plaintiff requesting appointment of counsel must show that she is unable to obtain counsel before

appointment will even be considered." (citation modified)); *Williams v. Nicholson*, No. 12-CV-8300, 2013 WL 1800215, at *2 (S.D.N.Y. Apr. 22, 2013) ("Where, in a civil action, an applicant fails to make any effort to engage counsel, appointing counsel for the applicant is not appropriate and should not even be considered . . . .").

Plaintiff represents that she has tried to obtain counsel. In her Application, Plaintiff states, "I have written to attorneys, agencies. Family/Friends have called/written." (Pl.'s Counsel Appl. 1.) Plaintiff provides no further details allowing the Court to determine whether she "has made reasonably diligent efforts to secure counsel on [her] own," *Gorlin v. John Wiley & Sons, Inc.*, No. 99-CV-10673, 1999 WL 1140869, at *1 (S.D.N.Y. Dec. 10, 1999) (noting the plaintiff's representation that he "was referred to several attorneys," none of whom "would even agree to discuss [his] case with [him]," and concluding this representation was insufficient to allow the court to determine whether the plaintiff had made reasonably diligent efforts to secure counsel); *see also Justice v. Kuhnapfel*, 982 F. Supp. 2d 233, 255 (E.D.N.Y. 2013) (explaining that where plaintiff failed to present "any evidence that [she] contacted attorneys to seek representation, this criteria weighs against the appointment of counsel"). Plaintiff has also not explained whether she has contacted legal clinics or other non-profit organizations that could pursue Plaintiff's case pro bono. *See Hesse v. SunGard Sys. Int'l*, No. 12-CV-1990, 2013 WL 174403, at *2 (S.D.N.Y. Jan. 14, 2013) (noting that the plaintiff's failure to contact clinics and non-profits meant the "search was not exhaustive"); *Highsmith v. Gomez*, No. 98-CV-294, 2000 WL 33381018, at *3 (D. Conn. Nov. 30, 2000) ("[The p]laintiff fails to list or otherwise note which, if any, legal aid societies or legal clinics from which he has attempted to obtain counsel.").

However, even if Plaintiff provided evidence of reasonably diligent efforts and the Court agreed she had exhausted her search for counsel, Plaintiff's attempt to obtain counsel, by itself, does not end the *Hodge* analysis. *See Wright v. Condit*, No. 13-CV-2849, 2015 WL 127866, at *2 (S.D.N.Y. Jan. 7, 2015) (denying the plaintiff's motion to appoint pro bono counsel despite the fact that he "ha[d] indeed attempted to obtain the assistance of counsel . . . [and] ha[d] provided information indicating that he ha[d] contacted a number of attorneys and legal service agencies").

For the purpose of addressing the request for the appointment of counsel, the Court construes Plaintiff's Complaint liberally and assumes it has "some likelihood of merit" such that it satisfies the threshold requirement under *Hodge*. *See Johnston*, 606 F.3d at 41 (internal quotation marks omitted). As to the inquiry regarding prudential factors, however, the Court finds that Plaintiff has not demonstrated a need for counsel.

"Plaintiff's case—still at the pleading stage—is at too early of a stage to determine whether outside investigation, cross-examination, or expert witnesses will be necessary." *Franquet v. Martuscello*, No. 25-CV-3585, 2026 WL 2364641, at *3 (S.D.N.Y. Aug. 14, 2026). Plaintiff summarizes the factual allegations supporting her claims as follows:

> On September 10, 2022, Plaintiff was arrested without probable cause and later coerced into a plea deal. On January 13, 2025, Plaintiff was forcibly taken from her home without a warrant or legal basis and medicated involuntarily. Her children were removed without a hearing or order, violating parental due process rights. On March 22, 2025, Plaintiff was arrested again in retaliation for prior filings. On March 23, 2025, she was confined in a basement office overnight under degrading conditions. Defendants' conduct was part of a pattern of harassment under color of law, without lawful justification.

(Second Am. Compl. 2 (Dkt. No. 23).) Plaintiff's claims are largely based on a retelling of events that happened in her presence and therefore "do not appear to require outside investigation." *See Person v. Ercole*, No. 08-CV-7532, 2009 WL 855758, at *2 (S.D.N.Y. Mar.

26, 2009); *see also Artis v. Phelps Mem'l Hosp. Ass'n*, No. 23-CV-9827, 2024 WL 1307223, at *2 (S.D.N.Y. Mar. 27, 2024) (declining to appoint counsel where the plaintiff had not demonstrated that the appointment of counsel would be necessary to investigate any relevant factual allegations); *Gibson v. Mount Vernon Montefiore Hosp. Exec. Dir.*, No. 22-CV-4213, 2022 WL 17325612, at *3 (S.D.N.Y. Nov. 29, 2022) ("[The plaintiff] has not indicated what additional facts could be gathered and investigated only through the aid of counsel which might be crucial to Plaintiff's ability to substantiate his claims." (citation modified)). And while Plaintiff "may need to cross-examine witnesses, should her case proceed to trial, this factor, alone, is not sufficient to warrant appointing counsel." *Worthy v. City of N.Y. Parks & Recreation*, No. 10-CV-6368, 2011 WL 1044242, at *2 (S.D.N.Y. Feb. 28, 2011).

Regarding Plaintiff's ability to "present the case" and the "complexity of the legal issues," *Hodge*, 802 F.2d at 61–62, Plaintiff has not alleged that her claims are "so complex or unique that a person of Plaintiff's intelligence would be unable to handle them at this stage," *Gibson*, 2022 WL 17325612, at *3 (quoting *Mena v. City of New York*, No. 12-CV-28, 2013 WL 1165554, at *2 (S.D.N.Y. Mar. 19, 2013)). While Plaintiff's Second Amended Complaint is messy in its formatting, it is clear and detailed in its factual allegations, suggesting that, so far, Plaintiff is capable of presenting her case. *See Phillips v. White Plains Hosp.*, No. 23-CV-11326, 2024 WL 2979374, at *3 (S.D.N.Y. June 12, 2024) ("[The plaintiffs] have demonstrated their ability to present the case themselves through their submissions in this instant [a]ction that adequately express their arguments and desired relief."); *Pearson v. Wellpath Health Servs.*, Nos. 24-CV-1714, 24-CV-1657, 2025 WL 252926, at *3 (S.D.N.Y. Jan. 21, 2025) ("[The p]laintiff has thus far been able to coherently represent himself and his claims to the Court, which cuts against his request [for appointment of counsel]."). Plaintiff's numerous motions and letters to

the Court, (*see generally* Dkt.), further demonstrate her ability to proceed pro se, *see Hodge*, 802 F.2d at 60 (listing a factor for consideration being "[the] plaintiff's apparent ability to present the case"); *see also Maxwell v. N.Y. Univ.*, 407 F. App'x 524, 528 (2d Cir. 2010) (summary order) ("[T]he district court did not abuse its discretion in denying appointed counsel because [the plaintiff] had demonstrated an ability to file and respond to motions and otherwise to prosecute his action.").

Finally, Plaintiff has failed to allege that there are any special circumstances which require counsel to be appointed. *Compare Artis*, 2024 WL 1307223, at *3 (rejecting application for appointment of counsel because "[the p]laintiff ha[d] not presented any other, special circumstances that warrant the appointment of counsel"), *and Jessamy v. Lamanna*, No. 21-CV-9242, 2023 WL 3386154, at *2 (S.D.N.Y. May 11, 2023) (same), *and Ross v. Brown*, No. 09-CV-5737, 2010 WL 3154561, at *3 (S.D.N.Y. Aug. 3, 2010) (same), *with Syville v. City of New York*, No. 19-CV-9988, 2020 WL 9171113, at *1, 3 (S.D.N.Y. May 8, 2020) (finding that plaintiff had demonstrated special circumstances where physical disability, depression, and post-traumatic stress disorder prevented Plaintiff from adequately litigating the case), *and Butler v. Heath*, No. 12-CV-3327, 2012 WL 4494270, at *3 (S.D.N.Y. Sept. 28, 2012) (citing "language difficulties or mental health problems" as examples of "special circumstances" meriting appointment of counsel). Plaintiff does allege in her Second Amended Complaint that she suffers from anxiety, depression, and PTSD. (*See, e.g.*, Second Am. Compl. 17–18, 20–21, 30 (Dkt. No. 23).) But Plaintiff has not explained why her particular conditions would "present[] a permanent hindrance to [her] prosecuting [her] case" and has not presented "any supporting medical evidence" indicating that they would. *See Douglas v. Salotti*, No. 15-CV-636, 2017 WL 1382094, at *1 (W.D.N.Y. Apr. 18, 2017). Nor, considering Plaintiff's submissions thus far, is it

clear to the Court that those conditions have impeded her. *See Thousand v. Wrest*, No. 14-CV-6616, 2016 WL 3477242, at *6 (W.D.N.Y. June 27, 2016) ("[W]hile [the p]laintiff contends that his . . . impairment is a factor weighing in favor of appointment of counsel, it does not appear that such impairment has hindered him.").

Accordingly, Plaintiff's Application is denied without prejudice. Plaintiff may renew this request and provide the Court with additional information regarding her circumstances if they materially change.

## Conclusion

For the reasons stated above, Plaintiff's Motion for Habeas Corpus Relief, (Dkt. No. 26), and Application for Appointment of Counsel, (Dkt. No. 29), are denied without prejudice. The Clerk of Court is respectfully directed to terminate the pending Motions at Dkt. Nos. 26 and 29.

SO ORDERED.

DATED: November 24, 2026
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE